UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. RUSSELL, AK4805,<br>   Petitioner,<br> v.<br>ROBERT W. FOX, Warden,<br>   Respondent. | Case No. 18-cv-01112-CRB (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>(ECF No. 4) |

Petitioner, a state prisoner currently incarcerated at the California Medical Facility in Vacaville, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 seeking release from state prison pursuant to Proposition 57. He also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

## BACKGROUND

Petitioner was convicted by a jury in Santa Cruz County Superior Court of various offenses arising from a traffic accident in which, while driving drunk, he struck a pedestrian who was walking on the road with his wife. Following a bench trial, the court found that petitioner had six prior strike convictions and six prior serious felony convictions and, on December 2, 2011, sentenced him to 50 years to life in state prison pursuant to California's Three Strikes Law.

Petitioner unsuccessfully appealed, and sought collateral relief from, his conviction and sentence in the California courts. He also unsuccessfully sought a federal writ of habeas corpus from this court invalidating his state conviction and sentence.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243. The petition may be dismissed if it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

B.  Claims & Analysis

Petitioner does not challenge his state conviction or sentence, but rather the denial of a "prisoner release order under Prop[osition] 57." ECF No. 1 at 1. He claims that "non-violent third strikers" like himself are eligible for parole consideration and release under Proposition 57, but that the California Department of Corrections and Rehabilitation (CDCR) continues to exclude them. Id. He seeks a "prisoner release order" on that basis from this court. ECF No. 5 at 5.

California's Proposition 57, approved by voters in November 2016, makes parole more available for certain felons convicted of nonviolent crimes. Specifically, Proposition 57 added Article I, section 32 to the California Constitution. That section provides, in relevant part, "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32(a)(1).

Proposition 57 only provides a prisoner who has completed his base term with a parole consideration hearing before the California Board of Parole Hearings (BPH). California state court cases addressing application of Proposition 57 "uniformly state that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing, and does not entitle [a prisoner] to seek relief in court in the first instance." Daniels v. Cal. Dep't of Corr. and Rehab., No. 1-17-cv-01510-AWI-BAM, 2018 WL 489155, at *3 (E.D. Cal. Jan. 19, 2018); see also Travers v. California, No. 3:17-cv-06126-SI, 2018 WL 707546, at *2 (N.D. Cal. Feb. 5, 2018) (citing California state court cases). After all, the plain language of Article I, section 32 provides that a person is eligible for "parole consideration." Cal. Const., art. I, § 32(a)(1).

To the extent petitioner seeks federal habeas relief based on a claim that he has been improperly denied a prisoner release order based on Proposition 57, the claim must be dismissed because the addition of § 32 to Article I of the California Constitution only resulted in him potentially becoming "eligible for parole consideration" and in no way undermines the validity of the 50 years-to-life sentence he is serving. And to the extent petitioner claims CDCR is improperly excluding him from parole consideration under Proposition 57, the claim must be brought in a civil rights action under 42 U.S.C. § 1983, if it may be brought in federal court at all.

Under the law of the circuit, a prisoner's claim which, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under § 1983, rather than in a habeas action. Nettles v. Grounds, 830 F.3d 922, 931, 934-35 (9th Cir. 2016) (en banc). Here, success on a claim that CDCR is improperly excluding petitioner from parole consideration under Proposition 57 would result in petitioner receiving a parole consideration hearing before BPH, but not necessarily in his immediate or speedier release from custody. Petitioner still must be found suitable for parole before he may be released from state prison. Cf. id. at 934-35 (habeas not proper remedy to challenge disciplinary finding where reversal of finding would not necessarily lead to grant of parole (and consequently speedier release), because many factors are considered in decision whether to grant parole and parole could still be denied if disciplinary finding was reversed ). Under Nettles, petitioner's only potential recourse in federal court on a claim of improper exclusion from parole consideration under Proposition 57 is to file a § 1983 action because the claim falls outside the core of habeas corpus. Accord Travers, 2018 WL 7070546, at *8 (concluding that claim to enforce rights under Proposition 57 must be brought in civil rights action under § 1983, if it may be brought in federal court at all).[1]

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED without prejudice to pursuing a civil rights action under § 1983. And pursuant to Rule 11 of the Rules

---

[1] A district court may construe a habeas petition as a civil rights complaint under § 1983 if the petition is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, and the court notifies and obtains informed consent from the prisoner. See Nettles, 830 F.3d at 935-36. This is not such a case.

3

Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

But based solely on petitioner's affidavit of poverty, his motion for leave to proceed IFP (ECF No. 4) is GRANTED.

**IT IS SO ORDERED**.

Dated: April 2, 2018

_____
CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. RUSSELL,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT W. FOX,<br><br>    Defendant. | Case No. 3:18-cv-01112-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 2, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert G. Russell ID: AK4805
San Quentin State Prison West Block 421
San Quentin, CA 94976

Dated: April 2, 2018

                                  Susan Y. Soong
                                  Clerk, United States District Court

                                  By: /s/ L. Scott
                                  Lashanda Scott, Deputy Clerk to the
                                  Honorable CHARLES R. BREYER